UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE

WILLIAM BRENT SCHAFER
6596 North Shiloh Church Road
Patoka, Indiana 47666

Cause No. 3:18-cv-23

and

GAYLA DENISE SCHAFER
6596 North Shiloh Church Road
Patoka, Indiana 47666

        Plaintiffs,

  -vs-

LASER SPINE INSTITUTE, LLC
450 North New Ballas Road
Creve Coeur, Missouri 63141

TROY HENRY CARON, D.O.
1229 East Seminole, Suite 200
Springfield, Missouri 63804

SUNG T. CHOE, M.D.
c/o Laser Spine Institute
450 North New Ballas Road
Creve Coeur, Missouri 63141

ANTHEM INSURANCE COMPANIES, INC.
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, Indiana 46204

and

Various John Does and Jane Does

        Defendants.

---

## VERIFIED COMPLAINT WITH JURY DEMAND ENDORSED HEREON

Now come Plaintiffs, William Brent Schafer and Gayla Denise Schafer, by and through counsel, and for their Complaint, state as follows:

## NATURE OF THE ACTION

This is an action for medical negligence is failing to observe proper clearance for the surgical procedures intended for the patient.

## PARTIES

1.     Plaintiffs, William Brent Schafer and Gayla Denise Schafer are married residents of Gibson County, Indiana.

2.     At all times relevant herein, Laser Spine Institute LLC is and was a duly licensed Florida foreign corporation organized and existing under the laws of the State of Missouri and having its principal place of business in Missouri located at 450 North New Ballas Road, Creve Coeur, Missouri 63141. The statutory agent for Laser Spine Institute, LLC is CT Corporation System, whose mailing address is 120 South Central Avenue, Clayton, Missouri 63105.

3.     At all times relevant herein, Defendant Troy Henry Caron, D.O.., was a duly licensed physician in the State of Missouri, and was a physician who provided surgical care and treatment to William Brent Schafer on June 25, 2015. Defendant Troy Henry Caron, D.O., is a representative of Defendant Laser Spine Institute, LLC through which he provided medical

2

services to Plaintiff William Brent Schafer. Defendant Troy Henry Caron, D.O. has a principal business address of 1229 East Seminole, Suite 200, Springfield, Missouri 65804.

4. At all times relevant herein, Defendant Sung T. Choe, M.D., was a duly licensed physician in the State of Missouri, and was a physician who provided anesthesia care and treatment to William Brent Schafer on June 25, 2015. Defendant Sung T. Choe, M.D., is a representative of Defendant Laser Spine Institute, LLC through which he provided medical services to Plaintiff William Brent Schafer.

5. At all times relevant herein, Laser Spine Institute, LLC held itself out to the public, and specifically to William Brent Schafer, as an association providing competent and qualified medical, nursing and surgical services, care and treatment by and through its physicians, physicians in training, residents, nurses, agents, ostensible agents, servants and/or employees.

6. At all times relevant herein, Troy Henry Caron, D.O. was an agent, servant, and/or employee of Laser Spine Institute, LLC, and was acting within the course and scope of his agency and/or employment at the time of his care and treatment of William Brent Schafer.

7. At all times relevant herein, Troy Henry Caron, D.O. was the supervising attending physician(s) when care and treatment was provided to William Brent Schafer.

8. At all times relevant, Plaintiff William Brent Schafer specifically informed Defendant Troy Henry Caron, D.O. that he did not permit any other physician, including interns and resident medical students for any purpose, to participate or be present in any operation procedures that related to his care.

9. At all times relevant herein, Laser Spine Institute, LLC, is responsible for providing competent and qualified medical and nursing services, care and treatment by and

3

through its physicians, physicians in training, residents, nurses, agents, ostensible agents, servants and/or employees to Plaintiff William Brent Schafer.

## COUNT ONE
### (Negligence)

10.     Plaintiffs hereby incorporate by reference all of the allegations and averments set forth above as if fully rewritten herein.

11.     On June 25, 2015, William Brent Schafer underwent surgery at Laser Spine Institute located in Creve Coeur, Missouri for a laminoplasty from C-3 to C-7 with additional attention to C-2 and C-7 – T-1 level using a system performing posterolateral fusion.

12.     Surgery was performed by Dr. Caron and/or other physicians, physicians in training, residents, nurses, agents, ostensible agents, servants and/or employees of Laser Spine Institute, LLC.

13.     Dr. Caron undertook the responsibility of supervising, caring for and treating William Brent Schafer with accepted and recognized standards of care for physicians and nurses, and owed him a duty to provide care and treatment within the accepted and recognized standards.

14.     On the above date and time, the procedure was done by the attending physicians Dr. Caron. During the course of the procedure or subsequently shortly thereafter while William Brent Schafer was either under the anesthesia in the operating suite or in recovery, Schafer suffered a heart attack.

15.     During the course of the pre-operative procedures, defendants failed to meet the standard of care for clearance for the intended procedures due to the plaintiff's medical history and pre-operative test results.

4

16.     Post-surgery, William Brent Schafer suffered from a heart attack that was projectable based upon his condition pre-operatively: it was subsequently determined that there was blockage in two (2) arteries, one being eighty (80%) percent blocked and another one hundred (100%) blocked.

17.     William Brent Schafer by reason of the cardiac issues was transported to Des Peres Hospital for treatment which required additional medical care by reason of the conduct of the defendants.

18.     As a result of the negligence of the defendants, William Brent Schafer has suffered significant permanent damage to his cardiovascular system; and, he is totally disabled for work purposes and has lost the ability to perform household, recreational and other activities. Furthermore, William Brent Schafer suffers physical and emotional pain.

19.     Laser Spine Institute LLC, are liable under the doctrine of respondent superior and/or apparent agency and/or agency by estoppel for the negligence of the nurses and physicians caring for William Brent Schafer whether employees, agents or servants, Laser Spine Institute, LLC were negligent or deviated from the accepted standards of care in the failure to properly train residents, nurses, and other health care providers in providing pre-operative and surgical treatment, treatment and care to a patient such as William Brent Schafer.

20.     As a direct and proximate result of the negligence of the Defendants, William Brent Schafer was temporality, permanently, and severally injured, causing significant pain and suffering, mental anguish, emotional distress and severe emotional distress. .

21.     As a direct and proximate result of the negligence of the Defendants, William Brent Schafer incurred additionally medical expenses and will continue to incur additional medical expenses.

22. As a direct and proximate result of the negligence of the Defendants, William Brent Schafer has endured severe physical pain, physical pain and emotional suffering.

23. As a direct and proximate result of the negligence of the Defendants, William Brent Schafer has endured a significant loss of the enjoyment of life, and will continue to endure a significant loss of the enjoyment of life.

## COUNT TWO
### (Negligence)

24. Plaintiffs hereby incorporate by reference all of the allegations and averments set forth above as if fully rewritten herein.

25. As a direct and proximate result of the Defendants' negligence acts and/or admissions and/or reckless conduct, Defendants and their agents, ostensible agents, servants and/or employees breached their duty of care and treatment to William Brent Schafer by failing to exercise an appropriate degree of skill, care, and diligence required of them and failing to provide William Brent Schafer with medical and nursing care with surgical, medical and nursing care ordinarily used by physicians, surgeons, physicians in training, resident physicians, hospitals, nurses and/or other care providers in the like and similar circumstances.

26. Defendants, their agents, ostensible agents, servants and/or employees providing care and treatment to William Brent Schafer that fell below accepted standards of care required of physicians, surgeons, hospitals, nurses and/or other care providers in the care and treatment provided to William Brent Schafer, on that failure to follow the accepted standards of care was negligent, unreasonable, and reckless.

27. As a direct and proximate result the negligence and reckless conduct of the Defendants, their agents, ostensible agents, servants and/or employees, William Brent Schafer

6

suffered pain, discomfort, disfigurement, mental and emotional distress, depression, medical expenses, therapy expenses, exercise expenses, medical apparatus expenses and expects to incur continuing and ongoing damages and expenses in the future.

28. At all times relevant herein, Plaintiffs William Brent Schafer and Gayla Denise Schafer were legally married and living together as husband and wife.

29. As a direct and proximate result the negligence and reckless conduct of the Defendants, their agents, ostensible agents, servants and/or employees, Gayla Denise Schafer suffered and will continue to suffer in the future loss of her husband's affection, guidance, support, consortium, services, care, assistance, society, companionship, her own emotional distress, mental anguish, the loss of the enjoyment of life and other pecuniary and non-pecuniary loss and expects to suffer and incur continuing and ongoing damages in the future.

## COUNT THREE

30. Plaintiffs hereby incorporate by reference all of the allegations and averments set forth above as if fully rewritten herein.

31. Laser Spine Institute LLC is ostensibly liable, vicariously liable, and/or liable under the theory of respondent superior, apparent agency, and/or agency by estoppel for any and all negligent acts and/or omissions of Dr. Caron and other nurses, physicians and/or employees who provided care and treatment to William Brent Schafer.

## COUNT FOUR

32. Plaintiffs hereby incorporate by reference all of the allegations and averments set forth above as if fully rewritten herein.

7

33. Defendants, their agents, ostensible agents, servants and/or employees failed in their duty that was owed to William Brent Schafer to provide his care and treatment that a reasonable physician and/or surgeon and/or nurse would provide to a patient under like or similar circumstances.

34. Defendants, their agents, ostensible agents, servants and/or employees breached that duty when they failed to observe proper clearance protocol pre-operatively causing additional and unnecessary pain, suffering, and damage to William Brent Schafer.

35. The Defendants performed portions of the June 25, 2015 surgery and subsequent surgeries against the informed consent given by William Brent Schafer.

36. This unreasonable conduct demonstrates conscious disregard and recklessness for the rights and well-being of William Brent Schafer.

37. As a direct and proximate result of the reckless conduct of the Defendants, William Brent Schafer incurred significant pain, injury, emotional distress, severe emotional distress, mental anguish, and suffering on a temporary and permanent basis.

## COUNT FIVE – SUBROGATION

38. Plaintiffs hereby incorporate by reference all of the allegations and averments set forth above as if fully rewritten herein.

39. At all times relevant herein, Plaintiff William Brent Schafer was insured with a policy of health insurance administered by Anthem Insurance Companies, Inc., which has paid some or all of his medical bills and which may insert a claim of subrogation.

## COUNT SIX – BREACH OF CONTRACT

40.     Plaintiffs hereby incorporate by reference all of the allegations and averments set forth above as if fully rewritten herein.

41.     Plaintiffs contracted with Defendants Troy Henry Caron, D.O., and Laser Spine Institute, LLC to perform services to repair specific areas of the cervical and lumbar spine.

42.     As a part of the contract with the Defendants, it was specified to Plaintiffs that there would be a review of pre-operative procedures for purpose of the health and safety of William Brent Shafer prior the intended surgical procedures.

43.     Defendants breached their contractual duties by not properly evaluating the health and safety status of William Brent Schafer.

44.     As a result of said breach of contract, Plaintiffs have suffered severe and permanent damages.

45.     As a result of Defendants willful and wanton disregard of the terms of the contract, said intentional act was done in complete disregard for the safety of the Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally for that amount of money which will fully and fairly compensate them for their loss but in excess of $1,500,000.00 for compensatory damages and $2,500,000.00 for punitive damages (if available), together with costs, interest, expenses, attorneys' fees, and any and all other relief that they may be legally or equitably entitled.

Respectfully submitted,
F. HARRISON GREEN CO., L.P.A.

_/s/ F. Harrison Green_
F. Harrison Green, Trial Attorney for

9

Plaintiffs William Brent Schafer and Gayla Denise Schafer
Indiana Supreme Court Reg.22154-18
Executive Park, Suite 230
4015 Executive Park Drive
Cincinnati, Ohio 45241
Tel. (513) 769-0840
Fax (513) 563-2953
Email: fhgreen@fuse.net

## JURY DEMAND

Plaintiffs further request a trial by a jury of their peers in this matter.

/s/ *F. Harrison Green*

F. Harrison Green
Trial Attorney for Plaintiffs

## VERIFICATION

STATE OF INDIANA     }
                      } ss:

COUNTY OF GIBSON    }

I, WILLIAM BRENT SCHAFER, state that I am authorized in the premises, have

read the foregoing Complaint and have further read the pleading I believe them to be

true to the best of my knowledge and belief.

WILLIAM BRENT SCHAFER

Sworn to before me and subscribed in my presence this _5_ day of January,
2018.

DORIS M KRIETEMEYER
Seal
Notary Public – State of Indiana
Vanderburgh County
My Commission Expires Apr 26, 2025

Notary Public

11

## VERIFICATION

STATE OF INDIANA      }
                                 } ss:

COUNTY OF GIBSON    }

I, GAYLA DENISE SCHAFER, state that I am authorized in the premises, have read the foregoing Complaint and have further read the pleading I believe them to be true to the best of my knowledge and belief.

GAYLA DENISE SCHAFER

Sworn to before me and subscribed in my presence this 5 day of January, 2018.

DORIS M KRIETEMEYER
Seal
Notary Public – State of Indiana
Vanderburgh County
My Commission Expires Apr 26, 2025

Notary Public

12

## VERIFICATION

STATE OF INDIANA        }
                         } ss:

COUNTY OF GIBSON     }

I, WILLIAM BRENT SCHAFER, state that I am authorized in the premises, have

read the foregoing Complaint and have further read the pleading I believe them to be

true to the best of my knowledge and belief.

_____
WILLIAM BRENT SCHAFER

Sworn to before me and subscribed in my presence this _5_ day of January, 2018.

```
DORIS M KRIETEMEYER
Seal
Notary Public – State of Indiana
Vanderburgh County
My Commission Expires Apr 26, 2025
```

_____
Notary Public

11

## VERIFICATION

STATE OF INDIANA    }
                      } ss:
COUNTY OF GIBSON   }

    I, GAYLA DENISE SCHAFER, state that I am authorized in the premises, have

read the foregoing Complaint and have further read the pleading I believe them to be

true to the best of my knowledge and belief.

GAYLA DENISE SCHAFER

    Sworn to before me and subscribed in my presence this _5_ day of January,
2018.

DORIS M KRIETEMEYER
Seal
Notary Public ~ State of Indiana
Vanderburgh County
My Commission Expires Apr 26, 2025

Notary Public

12